<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4903**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

EDUARDO RICO PACHECO, a/k/a Juan Silverio Cruz,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00071-RLV-DCK-1)

———————————

Submitted: May 30, 2013            Decided: June 4, 2013

———————————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Rico Pacheco pleaded guilty pursuant to a written plea agreement to illegally reentering the United States after having been removed based upon a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court calculated Pacheco's Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at ten to sixteen months' imprisonment. The court stated that an upward departure was warranted in light of Pacheco's repeated illegal reentries and risk of recidivism. Neither this ground nor any other ground for departure was mentioned in the presentence investigation report or prior to the sentencing hearing. After announcing its decision to depart, the court sentenced Pacheco to thirty months' imprisonment.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the district court's compliance with Federal Rule of Criminal Procedure 11 and the reasonableness of the sentence. Pacheco was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm Pacheco's conviction, vacate his sentence, and remand for resentencing.

Because Pacheco did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Pacheco must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's requirements, ensuring that Pacheco's plea was knowing and voluntary. We therefore affirm Pacheco's conviction.

We review Pacheco's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence,

3

"tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575.

We conclude that the district court committed procedural error in failing to provide notice to the parties that it was contemplating an upward departure. Federal Rule of Criminal Procedure 32(h) requires the district court to provide "reasonable notice" of an intent to depart on a ground not previously identified by the presentence investigation report or one of the parties and to specify the ground of departure. Fed. R. Crim. P. 32(h). Because Pacheco failed to object to the district court's failure to provide notice, we review the upward departure for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Pacheco must therefore establish that an error occurred, was plain, and affected his substantial rights. Massenburg, 564 F.3d at 342-43.

We conclude that an error occurred because the court denied the parties an opportunity to comment by failing to inform them that it was contemplating an upward departure. The error was also plain because the decision to depart upward without providing notice to the parties violated the clear direction of Rule 32(h). Finally, because the error resulted in an increased sentence, nearly double the upper limit of the Guidelines range, Pacheco's substantial rights were affected. United States v. Spring, 305 F.3d 276, 282-83 (4th Cir. 2002).

4

Accordingly, we vacate Pacheco's sentence and remand for further proceedings.[*]

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues. We therefore affirm Pacheco's conviction, vacate his sentence, and remand for resentencing to allow the district court to provide the required notice of its intent to consider an upward departure. This court requires that counsel inform Pacheco, in writing, of the right to petition the Supreme Court of the United States for further review. If Pacheco requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pacheco. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] By this disposition we express no opinion as to the appropriateness of a departure or variance on remand if the required procedures are observed.

5